**E-FILED**
Thursday, 03 May, 2012 05:13:49 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JERRY L. MCCABE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 08-CV-3091 |
| | ) | |
| LARRY J. PHILLIPS, et al., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

On August 31, 2011, Judge Baker dismissed Plaintiff's claims under the Americans with Disabilities Act and ruled that the only remaining claim regards the alleged punitive conditions at Rushville Treatment and Detention Center.[1] In September, 2011, this case was transferred to this Court. The case is before the Court to resolve several pending motions,

---

[1] The Amended Complaint set forth claims challenging Plaintiff's commitment which were not specifically addressed in Judge Baker's order. These claims are not properly a part of this case because Plaintiff's challenges to his detention must be made in his state court proceedings or in a federal habeas action, after all state remedies have been exhausted.

1

addressed in turn below.

IT IS THEREFORE ORDERED:

    1) Defendants' motion to extend the summary judgment deadline to June 15, 2012 is granted (d/e 103). If Defendants file a summary judgment on June 15, 2012, the Court will deny as moot their prior summary judgment motion already on file (d/e 80). If Defendants do not file a summary judgment on June 15, 2012, the Court will rule on the merits of Defendants' summary judgment motion now on file (d/e 80), but Plaintiff will have an opportunity to file a supplemental response by July 16, 2012.

    2) Defendant Quinn's motion to extend his deadline for responding to Plaintiff's second set of interrogatories is granted (d/e 100). The Court notes that those responses should have been provided by now, since the requested extension has passed. Discovery otherwise remains closed.

    3) Defendants' motion to clarify the Court's 12/7/11 text order granting Plaintiff's motion to compel is granted (d/e 97). Defendants' correctly point out that the Court inadvertently did not address the

merits of their objections to Plaintiff's discovery requests. The Court has reviewed Plaintiff's first set of interrogatories to Defendants Quinn and Blaesing and the responses. The Court agrees with Defendants' objections to those requests. The sole remaining claim in this case is the alleged punitive conditions at the Rushville Treatment and Detention Facility, which Plaintiff asserts violate his constitutional due process rights and his right to the "least restrictive environment."[2] *But see* Thielman v. Leean, 282 F.3d 478 (7th Cir. 2002)(similar law in Wisconsin did not create a federal right to the "least restrictive environment"). Plaintiff's interrogatories about funding, grants, budgets, expenses, complaints to the Governor, other lawsuits, appointments, removals, and budgetary proposals are irrelevant to this claim and not reasonably calculated to lead to any relevant, admissible information. Similarly, Plaintiff's interrogatories about repackaging frozen food, the

---

[2] The contours of this claim remain murky. Exactly what restrictions Plaintiff believes are too restrictive is not clear, even though Plaintiff has first hand knowledge of those restrictions. The restrictions would need to be substantial in order to violate the Constitution. *See, e.g.,* Hargett v. Adams, 2005 WL 399300 (N.D. Ill. 2005)(not reported in F.Supp.2d)(conditions at Joliet Treatment and Detention Center were constitutional even though similar to a prison).

lack of educational and vocational opportunities, the reward point system, and the lack of wages are not relevant to his punitive environment claim because these conditions are not "punitive" in the constitutional sense. *See* Vanskike v. Peters, 974 F.2d 806, 809 (7th Cir. 1992)(prisoner has no constitutional right to a job in prison, nor a constitutional right to compensation for work performed); Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities); Elliott v. Baker, 2008 WL 4876871 *2 (N.D. Ill. 2008)(not published in F.Supp.2d)("The federal Constitution does not require state authorities to provide convicted prisoners educational, rehabilitative, or vocational opportunities . . . . The Court is unaware of any authority, nor does Elliott cite any, suggesting that the rules are different for civilly committed persons."). If these are the conditions which Plaintiff believes violate the Constitution, then he fails to state a claim.

    4) In light of the discussion in paragraph three, the Court's text order of 12/7/11 is vacated to the extent that order applied to Plaintiff's

first set of interrogatories to Defendants Quinn and Blaesing served in September, 2011. Defendants' objections to those requests are sustained.

5) Plaintiff's motion to compel filed on February 29, 2012 is denied (d/e 98). The Court has reviewed all of Defendants' responses attached to the motion and finds those responses and objections appropriate. As discussed above, information about expenses, audits, grants, and vocational and educational programs are not relevant, nor is the information reasonably calculated to lead to relevant, admissible information. Prior lawsuits and complaints against Defendants are also not relevant. The Court does not understand the relevance of the questions about the Mental Health and Disabilities Code, since that Code does not apply to the Rushville Treatment and Detention Center. 725 ILCS 207/50(b)(secure facility for sexually violent persons "shall not be subject to the provisions of the Mental Health and Developmental Disabilities Code."). In any event, the violation of a state law would not amount to a Constitutional violation. Guarjardo-Palma v. Martinson,

622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law is not a ground for a federal civil rights suit.").

The Court notes that if Plaintiff's punitive environment claim is based on the failure of Defendants to treat him the same as a patient in a state mental health facility, he fails to state a constitutional claim, either under the due process clause or the equal protection clause. Plaintiff is not similarly situated to persons confined for treatment in other state mental health facilities. Plaintiff is in Rushville because he has been "convicted of a sexually violent offense, . . .[and] suffers from a mental disorder that makes it substantially probable that . . . he will engage in acts of sexual violence." 725 ILCS 207/5(f). Persons confined in other state mental health facilities may also be dangerous to themselves or others, but they do not fit the statutory definition for sexually violent persons. *See* Thielman v. Leean, 282 F.3d 478, 483 (7th Cir. 2002)("facilities dealing with those who have been involuntarily committed for sexual disorders are 'volatile' environments whose day-to-day operations cannot be managed from on high.")(upholding

restraints used on sexually violent persons during transport and not on other mentally ill patients).  "[I]t is not unreasonable for the State to believe that a person with a mental disorder of a sexual nature is qualitatively more dangerous than another mental patient who nonetheless threatens danger to himself or others." Id. at 485.

ENTERED: May 3, 2012

FOR THE COURT:

                                        <u>s/Sue E. Myerscough</u>
                                        SUE E. MYERSCOUGH
                                        UNITED STATES DISTRICT JUDGE